Andrew D. Skale, Esq. (SBN 211096)
askale@mintz.com
Nathan R. Hamler (SBN 227765)
nhamler@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Harvey Saferstein, Esq. (SBN 49750)
hsaferstein@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Century Plaza Towers
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586 3202

Attorneys for Plaintiff
ASICS AMERICA CORPORATION

FILED
2012 APR 18 AM 10:15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA.

SOUTHERN DIVISION

ASICS AMERICA CORPORATION,
(A California Corporation)

Plaintiff,

v.

LUTTE LICENSING GROUP LLC,
(An Ohio Limited Liability Company)

Defendant.

Case No. SACV12-592 AG(JPRx)

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff ASICS AMERICA CORPORATION ("ASICS") alleges and states as follows:

**THE PARTIES**

1. ASICS is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 29 Parker Suite 100, Irvine, California 92618.



BY FAX
COPY

2. Upon information and belief, Defendant LUTTE LICENSING GROUP LLC ("Defendant " or "LLG") is a limited liability company organized under the laws of, and with its principal place of business located in, the State of Ohio.

**JURISDICTION AND VENUE**

3. This is a complaint for declaratory relief, through which ASICS seeks a determination that it is not liable to Defendant for tortious or intentional interference with Defendant's alleged sponsorship and endorsement agreement with Jordan Borroughs, an athlete who is a wrestler. This Court has subject matter jurisdiction over ASICS' claim under 28 U.S.C. § 1332 because complete diversity exists between ASICS and Defendant (ASICS is a California corporation with its principal place of business in California; Defendant holds itself out as an LLC organized under Ohio law with its principal place of business in Ohio) and because the amount in controversy in this action exceeds $75,000, as Defendant has claimed that ASICS' alleged interference has or will cause Defendant monetary harm significantly above and beyond $75,000. The Court's authority to grant declaratory relief is founded upon 28 U.S.C. § 2201.

4. This Court has personal jurisdiction over Defendant, who upon information and belief has transacted substantial business in this district. Specifically, upon information and belief, Defendant has conducted business within this district and purposefully availed itself of this district by entering into sponsorship and/or endorsement agreements with multiple athletes for those athletes to sponsor and/or endorse Defendant's products, including but not limited to when those athletes have performed, played and/or competed at venues located both within California and within this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

6. In or about October 2011, ASICS entered into an agreement with Jordan Borroughs, the purpose of which was for ASICS to obtain from Mr. Burroughs the exclusive right to utilize Mr. Borroughs' endorsement in connection with the advertisement, promotion and sale of ASICS products while Mr. Borroughs is involved in competing, practicing, or otherwise engaged in activities related to wrestling (hereinafter, the "ASICS AGREEMENT").

7. At or around the time that ASICS and Mr. Borroughs entered into the ASICS AGREEMENT, Mr. Borroughs and/or his agent disclosed to ASICS that Mr. Borroughs had a sponsorship or endorsement agreement with Defendant related to Defendant's "Cagefighter" products (hereinafter, the "CAGEFIGHTER AGREEMENT"). Mr. Borroughs and or Mr. Borroughs' agent, however, also represented to ASICS at or around the time the ASICS AGREEMENT was executed that the CAGEFIGHTER AGREEMENT only concerned endorsement and/or sponsorship of non-footwear apparel products, and further only concerned endorsement and/or sponsorship of non-footwear apparel in connection with Mr. Borroughs' competing, practicing or engaging in activities related to mixed martial arts (or "MMA") events or competitions, and that the CAGEFIGHTER AGREEMENT did not involve or concern Mr. Borroughs' activities related to wrestling competitions or events.

8. Additionally, under the ASICS AGREEMENT, Mr. Borroughs warranted and represented in writing that no agreement, contract or understanding existed which would prevent or limit the performance of any of Mr. Borroughs' obligations under the ASICS AGREEMENT. Further, upon information and belief, Mr. Borroughs made this representation in substantial or in whole part while relying on the guidance and direction from his agent.

9. Thus, at the time ASICS and Mr. Borroughs entered into the ASICS AGREEMENT, ASICS' understanding and belief was that the ASICS

AGREEMENT in no way infringed on any rights or obligations associated with the CAGEFIGHTER AGREEMENT. Moreover, at no time, either when it negotiated the ASICS AGREEMENT, entered into that agreement, or performed under that agreement, did ASICS intend to induce Mr. Borroughs to breach his obligations under the CAGEFIGHTER AGREEMENT. Nor did ASICS knowingly interfere or intend to interfere with any rights Defendant may have under the CAGEFIGHTER AGREEMENT.

10. After ASICS and Mr. Borroughs entered into the ASICS AGREEMENT, ASICS spent significant time and resources in developing advertising and marketing materials related to the agreement. In particular, ASICS expended approximately $150,000 on its effort to develop advertising and marketing materials for use at the U.S. Olympic wrestling trials, which trials are soon set to begin in Iowa City, Iowa.

11. On or about April 12, 2012, ASICS received a cease and desist letter from Roger Craig, an attorney at an Ohio law firm representing Defendant. In that letter, Defendant wrongfully accused ASICS of inducing Mr. Borroughs to breach the CAGEFIGHTER AGREEMENT and claimed that ASICS' conduct constituted tortious interference with Defendant's business and contractual rights. Defendant further demanded that ASICS cease from using any advertisements or marketing materials that featured Mr. Borroughs in non-LLG apparel (other than ASICS athletic shoes). Finally, Defendant's attorney threatened, if ASICS did not cease its advertising efforts, "we will advise our client on all remedies it has, including filing a lawsuit against Asics to enforce LLG's rights."

12. On or about April 16, 2012, ASICS responded to Defendant's April 12, 2012 letter. In its April 16, 2012 letter, ASICS explained that it had no knowledge of the supposed breadth of the CAGEFIGHTER AGREEMENT that Defendant was claiming and in no way induced Mr. Borroughs to breach that agreement. Further, ASICS explained, when it negotiated the ASICS AGREEMENT, ASICS relied on

information provided by Mr. Borroughs and his agent that Mr. Borroughs' sponsorship agreement with Defendant was for mixed martial arts only.

13. Then, on or about April 17, 2012, ASICS received another demand letter from Defendant, this time from Jeffrey K. McGinness of the law firm of Simmons, Perrine, Moyer & Bergman PLC, located in the State of Iowa. In this demand letter, Defendant again wrongfully accused ASICS of tortiously interfering with the CAGEFIGHTER AGREEMENT. Defendant further threatened that it was in the process of preparing a petition for injunctive, permanent relief and damages "that we intend on presenting to the Court tomorrow if we cannot reach an amicable resolution of this issue." Finally, Defendant threatened, if various concessions and settlement demands were not met by 1:00 CTS on April 18, 2012, Defendant would proceed with filing its petition in an Iowa court.

14. Defendant has therefore left ASICS with no choice but to bring the instant litigation, so that ASICS may vindicate its position and secure a declaratory judgment that it is not liable under applicable law for unlawfully inducing Mr. Borroughs to breach the CAGEFIGHTER AGREEMENT, and that ASICS is not liable for tortiously, intentionally, or otherwise unlawfully interfering with the CAGEFIGHTER AGREEMENT.

**FIRST CAUSE OF ACTION**

**DECLARATORY JUDGMENT/RELIEF**

15. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

16. An actual and justiciable controversy exists between the parties because Defendant claims that ASICS has tortiously, intentionally, and/or otherwise unlawfully interfered with Defendant's rights under the CAGEFIGHTER AGREEMENT and Defendant has threatened to bring a legal action against ASICS asserting such claims. ASICS denies that it has engaged in any wrongdoing, denies it intended to interfere with any rights Defendant may have under the CAGEFIGHTER

AGREEMENT, and otherwise denies that it has unlawfully induced Mr. Borroughs to breach the CAGEFIGHTER AGREEMENT or that ASICS has tortiously, intentionally, and/or otherwise unlawfully interfered with the CAGEFIGHTER AGREEMENT.

17. Accordingly, ASICS is entitled to a declaratory judgment against Defendant that ASICS is not liable for tortious, intentional and/or unlawful interference with the CAGEFIGHTER AGREEMENT.

**PRAYER FOR RELIEF**

WHEREFORE, ASICS respectfully requests that the Court enter judgment against Defendant as follows:

A. Judgment in favor of ASICS and against Defendant;

B. For a declaration that ASICS is not liable to Defendant for tortious, intentional and/or unlawful interference with the CAGEFIGHTER AGREEMENT;

C. For costs of suit; and

D. For such other and further relief as the Court deems proper.

Dated: April 18, 2012

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: ______________________
Andrew D. Skale, Esq.
Nathan R. Hamler, Esq.
Harvey Saferstein, Esq.

*Attorneys for Plaintiff ASICS AMERICA CORPORATION*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV12- 592 AG (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Andrew D. Skale, (SBN) 211096
Nathan R. Hamler (SBN 227765
Mintz Levin Cohn Ferris Glovsky & Popeo PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130 (858) 314-1500

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASICS AMERICA CORPORATION, a California Corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>LUTTE LICENSING GROUP, LLC, an Ohio Limited Liability Company<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12-592 AG(JPRx)**<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Andrew D. Skale, Esq., whose address is Mintz Levin Cohn Ferris Glovsky & Popeo, 3580 Carmel Mtn Rd, Ste. 300, SD, CA 9213. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 4-18-2012

By: NANCY INTERIANO
Deputy Clerk

*(Seal of the Court)* 1146

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ASICS AMERICA CORPORATION, a California Corporation

**DEFENDANTS**
LUTTE LICENSING GROUP, LLC , an Ohio Limited Liability Co.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Andrew D. Skale, (SBN 211096)
Mintz Levin Cohn Ferris Glovsky & Popeo PC
3580 Carmel Mountain Road, Ste. 300, SD, CA 92130 (858) 314-1500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** Dec. Relief

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332; 28 USC 2201

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☑ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

COPY
BY FAX

**FOR OFFICE USE ONLY:** Case Number: **SACV12-592 AG(JPRx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 04-18-2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |